UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

---------------------------------------------------------------x
**RIDA SYED,**

                **Plaintiff,**       Civil Action No.:

  -against-                 COMPLAINT &
                                  JURY TRIAL DEMAND

**QATAR AIRWAYS Q.C.S.C.,**

                **Defendant.**
---------------------------------------------------------------x

The Plaintiff, RIDA SYED, by her attorneys, ABRAMS LANDAU, LTD. and BOHRER & LUKEMAN, as and for her complaint against defendant, QATAR AIRWAYS Q.C.S.C., alleges the following upon information and belief:

### PARTIES JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, in that Defendant has offices and transacts business within this judicial district, namely at the international terminal of Washington Dulles International Airport, Sterling, Virginia (IAD).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, in that a substantial part of the events or omissions giving rise to the claim arose out of Defendant's contacts with the judicial district.

4. Plaintiff resides in Glen Allen, Virginia.

5. Defendant QATAR AIRWAYS Q.C.S.C. is a foreign corporation authorized to do business in the Commonwealth of Virginia.

6. Defendant QATAR AIRWAYS Q.C.S.C. was and is a common carrier engaged in the business of transporting passengers for hire by air.

7. As part of its business as a common carrier of passengers by air, Defendant QATAR AIRWAYS Q.C.S.C. operates regularly scheduled flights to and from Washington Dulles International Airport, Sterling, Virginia (IAD).

8. The Plaintiff's travel pursuant to the contract of carriage which forms the basis for this cause of action originated, concluded, and was purchased in the Commonwealth of Virginia.

## STATEMENT OF FACTS

9. One such flight took place on or about July 27, 2022, wherein Defendant QATAR AIRWAYS Q.C.S.C. operated and controlled a certain aircraft, designated as Qatar Flight QR 709 from Hamad International Airport, Doha, Qatar (DOH) to Washington Dulles International Airport, Sterling, Virginia (IAD) ("the subject flight").

10. On or about July 27, 2022, Plaintiff was a fare-paying passenger lawfully travelling onboard the subject flight.

11. On or about July 27, 2022, Defendant QATAR AIRWAYS Q.C.S.C. employed a flight crew aboard the subject flight who were responsible for the safe and secure operation of its flights as well as the safety and well-being of its passengers.

12. On or about July 27, 2022, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by Defendant QATAR AIRWAYS Q.C.S.C.

13. On or about July 27, 2022, Defendant QATAR AIRWAYS Q.C.S.C. was responsible for the service, maintenance, inspection, and/or repair of the subject aircraft.

14. On or about July 27, 2022, Defendant QATAR AIRWAYS Q.C.S.C. was responsible for the training, management, supervision, and/or control of its flight crew aboard the

subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

15. On or about July 27, 2022, while seated aboard the subject aircraft, Plaintiff was injured as the result of an accident.

16. Specifically, during the course of the subject flight Plaintiff was severely burned as the result of contact with scalding hot liquid.

17. Plaintiff's injuries were caused by an accident pursuant to Article 17 of the Montreal Convention, defined as an unexpected or unusual event or occurrence external to the Plaintiff, and not by Plaintiff's own internal reaction to the normal operation of the aircraft.

18. As a result of said accident, Plaintiff was injured.

19. As a result of said accident, Plaintiff was seriously injured.

20. As a result of said accident, Plaintiff was permanently injured.

21. As a result of said accident, Plaintiff suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

22. As a result of said accident, Plaintiff suffered economic loss and in the future shall continue to suffer from same.

23. As a result of said accident, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

24. As a result of said accident, Plaintiff was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

25. As a result of the foregoing, Defendant is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

26. Defendant cannot meet its burden of proving that their negligence did not cause or contribute to the accident and the resulting injuries to Plaintiff.

27. Defendant cannot meet its burden of proving that the injuries suffered by Plaintiff were caused solely by the acts of third parties.

28. Plaintiff did not cause or contribute to her injuries and is free from any comparative fault.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff RIDA SYED demands judgment against Defendant, QATAR AIRWAYS Q.C.S.C., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

Dated:  January 3, 2023            **ABRAMS LANDAU, LTD.**

By: Douglas Landau, Esq.
Virginia Bar No.:25241
797 Center Street
Herndon, VA 20170
(703)796-9555


and

BOHRER & LUKEMAN
Abram I. Bohrer, Esq. (AB4336)
David A. Zeitzoff, Esq. (DZ9036)
5 Columbus Circle, Suite 1501
New York, New York 10019
Tel. (212) 406-4232
*Forthcoming pro hac vice application*

*Attorneys for Plaintiff*

## **<u>JURY DEMAND</u>**

Plaintiff demands a jury of eight (8) persons for all claims stated.

*/s/ Douglas Landau*
Douglas Landau, Esq.
Virginia Bar No.: 25241